ALTENBERND, Judge.
We affirm the final judgment of involuntary termination of parental rights of the father in this case. We strike the portion of paragraph sixty-two of the judgment that “finds that the children are at substantial risk of prospective abuse, neglect or abandonment,” because it is misleading and unnecessary to support the final judgment.
We write primarily to comment that the structure of the final judgment in this case makes it difficult for both the attorneys and this court to review the judgment to determine its adequacy. The judgment has seventy enumerated paragraphs. Its structure does not appear to be based on. form 8.983 of the Florida Rules of Juvenile Procedure. Many trial courts, including some in the Sixth Judicial Circuit, have created an excellent standard form that is actually more helpful than the form in the rule book. That form separates the order into easily identifiable sections that include: (1) the date or dates of the adjudicatory hearing and the individuals who were present at the hearing, (2) the procedural history of the case, (3) a confirmation that the parent’s right to counsel has been fulfilled, (4) a delineation of each of the alleged statutory grounds for termination as to each parent, (5) findings of fact in an orderly structure, (6) a declaration that each alleged statutory ground has or has not been proven by clear and convincing evidence, (7) a finding on single parent grounds,[1] (8) a sufficient consideration of the best interests of each affected child, (9) a determination that termination of parental rights is the least restrictive means of protecting the child under the applicable guidelines, and (10) a conclusion stating the trial court’s adjudication and order. The use of this type of form also assists the trial court in addressing the elements that must be established to terminate parental rights. See generally § 89.802, Fla. Stat. (2011) (stating the allegations that must be set forth in a petition for termination of rights); R.L. v. Dep’t of Children & Families, 63 So.3d 920, 921-22 (Fla. 5th DCA 2011) (“To terminate parental rights, the State must establish: (1) the existence of one of the statutory grounds set forth in Chapter 39; (2) that termination is in the best interest of the child; and (3) that termination is the least restrictive means of protecting the child from harm.”). We would encourage the trial court to consider the use of such a form.
Affirmed.
CASANUEVA and LaROSE, JJ., Concur.

. Such a finding is not necessarily applicable in all cases, but if applicable, the inclusion of a finding on single parent grounds might support the affirmance of a termination order as to one parent even though the order must be reversed as to the other parent. See In re L.C., 908 So.2d 568, 573 (Fla. 2d DCA 2005).